J. Carmen MOTA; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74538.

Agency Nos. A95–398–665, A95–398–666.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, Cesar R. Ternieden, Esq., Law Office of Cesar R. Ternieden, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Carol Federighi, Esq., Margot L. Nadel, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

J. Carmen Mota and Arcelia Mota, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' decision dismissing their appeal from an immigration judge's ("IJ") order denying their application for cancellation of removal. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review due process challenges de novo, *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's subjective, discretionary determination that the Motas failed to establish the requisite hardship for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Martinez–Rosas*, 424 F.3d at 930.

We also lack jurisdiction to consider the Motas' contentions that the IJ violated their due process rights in weighing the hardship evidence and in requiring corroborating evidence, because they failed to exhaust these arguments before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that exhaustion is mandatory and jurisdictional when due process challenge is procedural in nature).

The Motas' contention that the IJ violated their due process rights by ignoring certain evidence of hardship fails because the IJ is entitled to a rebuttable presumption that he reviewed all of the relevant evidence in the record, *see Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000), and his failure to discuss all of the evidence does not establish that he failed to consider it, *see Barraza Rivera v. INS*, 913 F.2d 1443, 1449 (9th Cir.1990).

All remaining contentions are unpersuasive.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

